# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 14, 2011

No. 10-50158
No. 10-50160
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALONSO ARREOLA-GARCIA,

Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-2302-2
USDC No. 3:09-CR-3000-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50158
No. 10-50160

Alonso Arreola-Garcia, an illegal alien, appeals (1) the forty-six-month prison sentence imposed after he pleaded guilty of illegally reentering the United States after having been deported (No. 10-50160) and (2) the consecutive six-month sentence imposed upon revocation of the supervised release he was serving when he committed the illegal reentry (No. 10-50158). We consolidate the appeals. *See United States v. Rodriguez*, 564 F.3d 735, 737 (5th Cir. 2009); FED. R. APP. P. 3(b)(2).

Arreola-Garcia did not object to any procedural or substantive error in either sentence, so we review them only for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To succeed under that standard, Arreola-Garcia must show an error that is clear or obvious and that affects his substantial rights, but even so, we will exercise our discretion to correct any error only if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (internal quotation marks and citation omitted).

To the extent that Arreola-Garcia argues that his sentences are not procedurally reasonable because the court failed to articulate reasons, he cannot meet the plain-error standard. In imposing the forty-six-month, within-guidelines sentence for illegal reentry, the district court explained that it had taken into account the circumstances of the case, Arreola-Garcia's personal circumstances, and the 18 U.S.C. § 3553(a) factors. Where a district court imposes a within-guidelines sentence, it need not provide a lengthy explanation, *Rita v. United States*, 551 U.S. 338, 356 (2007), and the court's discussion was sufficient. As for the six-month, within-guidelines sentence after revocation of supervised release, Arreola-Garcia cannot show that his substantial rights were violated, because of the great degree of deference this court gives to within-guidelines sentences

2

No. 10-50158
No. 10-50160

and because he does not contend, and nothing in the record suggests, that a more thorough explanation would have resulted in a different sentence. *See Whitelaw*, 580 F.3d at 263 (citing *Mondragon-Santiago*, 564 F.3d at 364).

As for substantive reasonableness, Arreola-Garcia challenges the weight the district court gave to the relevant sentencing factors, but this court will not reweigh those factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Moreover, the illegal-reentry sentence was at the bottom of the guideline range and was the sentence that Arreola-Garcia's counsel requested at sentencing. Thus, Arreola-Garcia cannot show plain error. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).

Arreola-Garcia argues that the court should not have ordered his six-month sentence imposed after revocation of supervised release to run consecutively to his sentence for illegal reentry. A court has the discretion to order consecutive sentences in this context, 18 U.S.C. § 3584; *United States v. Gonzalez*, 250 F.3d 923, 927-29 (5th Cir. 2001); indeed, under the guidelines, consecutive sentences are preferred, U.S.S.G. § 7B1.3(f) & comment. (n.4). As for Arreola-Garcia's argument that the two sentences combined to produce an unreasonable total prison term, this court has rejected similar arguments. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808-09 (5th Cir. 2008). Accordingly, the court did not err, plainly or otherwise, in ordering consecutive sentences.

The appeals are CONSOLIDATED, and the judgments of sentence are AFFIRMED.